JAMES LEWIS, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY and Another, Defendants.

Supreme Court, Erie County, June 22, 1935.

*Jacob Weissfeld,* for the plaintiff.

*Gregory U. Harmon, Corporation Counsel [Hyman Sapowitch* of counsel], for the defendant Smythe.

HARRIS, J. On interpleader herein the plaintiff and the defendant Smythe, as director, are contesting the relative rights of such parties to the proceeds of two industrial life insurance policies on the life of one Gendle Scott, the grandfather of the above-named plaintiff. The total amount involved is that of paid-up values of the sum of $61.05. One of the policies was issued in 1925, and the other was issued in 1927. At the time of their issuance the insured lived with the plaintiff herein, and in con-

sideration of the plaintiff's agreeing to pay all the premiums on the policies as they matured, the insured agreed that the plaintiff should be the beneficiary of the said policies. The plaintiff expended the sum of over $200 in payment of such premiums, and in May, 1931, due to the loss of his employment, the plaintiff was unable to further pay the premiums, and the policies lapsed for that reason, leaving the above-mentioned paid-up values of $61.05. For a number of years, and during the time that the plaintiff was making payment of the premiums on these policies, the insured received aid from the department of social welfare of the city of Buffalo, and on his death in 1934 such department paid the expenses of his funeral. The policies were of the industrial form, and were made payable to the estate of the deceased. The plaintiff claims to be entitled to the proceeds of the policies because of his expenditures for the premiums thereon and by virtue of the agreement that he made with the insured that he, the plaintiff, should be the beneficiary thereof. The defendant director claims that the proceeds should be paid to the city department, and cites as authority section 216 of the Surrogate's Court Act, which provides in substance that funeral expenses are a first lien and claim on the estate of a decedent, and sections 128 and 129 of the Public Welfare Law, which read as follows:

" § 128. Recovery from a person discovered to have property. A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received by such person shall constitute an implied contract.

" § 129. Claim on insurance. If a person, who has received relief and care at public expense, shall die leaving insurance, and the estate of the assured is named as beneficiary, or no beneficiary is named, the public welfare official shall be entitled to a preferred claim to be paid out of such insurance to the amount of the cost of such relief and care, and for funeral expenses not to exceed one hundred and twenty-five dollars. If the insured leaves a widow or minor children who are, or are liable to become, public charges, the public welfare official may, in his discretion, waive his claim to such insurance or any part thereof to which he would otherwise be entitled."

and because the plaintiff permitted the policies to lapse by reason of non-payment of premium.

The court is of the opinion that the policies in question became the property of the plaintiff herein by means of oral assignment when the agreement was made between the insured and the plaintiff that the plaintiff was to be the beneficiary and the plaintiff was to pay the premiums. (See *Matter of Pastore*, 155 Misc. 247, and authorities therein cited.) This being so, the Legislature could not, by enacting the above-named statutes, take away from the plaintiff the property rights which he had in such policies, and the provisions of sections 128 and 129 of the Public Welfare Law have no application to the facts in this action.

Judgment is ordered for the plaintiff herein against the director of the department of social welfare. On the submission of this action there has been some discussion of costs. Such costs in this type of action are in the discretion of the court. In view of the small amount involved, and the litigation arising on the claim made by the director, the plaintiff herein should be compensated by the defendant director for the expenses of opposing such claim; therefore, the plaintiff may have thirty dollars costs and necessary disbursements against the defendant director.